UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

KENDALL SPELLER,

    **Plaintiff,**

v.

JOHN CICCERO, SR. and
IVAN BAERGA, JR.

    **Defendants.**

Civ. No. 2:13-cv-01258 (KM)

**OPINION**

**McNulty,** District Judge

    This matter comes before the Court on Plaintiff Kendall Speller's (1) application to proceed *in forma pauperis* and (2) application for appointment of *pro bono* counsel under 28 U.S.C. § 1915(e)(1). Having reviewed Plaintiff's application and finding that she is unable to pay the required fees or give security thereof, the Court **GRANTS** Plaintiff's applications to proceed *in forma pauperis*. However, for the reasons stated below, the Court will **DISMISS** the Complaint for failure to state a claim and will **DENY** Plaintiff's application for pro bono counsel. The dismissal of Plaintiff's Complaint is **WITHOUT PREJUDICE**; Ms. Speller is therefore granted leave to file an amended complaint on or before April 15, 2013. If she does not do so, the Complaint will be dismissed with prejudice.

    I.  **Legal Standards**

        *a. In Forma Pauperis Application*

    When a litigant petitions the court to proceed without the prepayment of fees, the Court has an obligation pursuant to 28 U.S.C. § 1915(e)(2)(B) to screen the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

b. *Complaint*

When considering a *pro se* complaint, the Court must construe it liberally in favor of the plaintiff. *See Erikson v. Pardus,* 551 U.S. 89, 93-94 (2007); *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in a light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Liberal construction does not, however, require the Court to credit a pro se plaintiff's "bald assertions" or "legal conclusions." *Id.* A pro se complaint may be dismissed for failure to state a claim only if the allegations set forth by the plaintiff cannot be construed as supplying facts in support of a claim that would entitle the plaintiff to relief. *See Millhouse v. Carlson,* 652 F.2d 371, 373 (3d Cir. 1981).

c. *Appointment of Pro Bono Counsel*

Section 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). District courts have "broad discretion" to request counsel for indigent pro se litigants, but such litigants have no statutory right to appointed counsel. *See Tabron v. Grace,* 6 F.3d 147, 153 (3d Cir. 1993) (citing *Mallard v. United States District Court for the S. Dist. of Iowa,* 490 U.S. 296 (1989). In *Tabron*, the Third Circuit instructed that, in exercising its discretion to appoint counsel, district courts must first assess whether a given case or defense has merit. *Tabron,* 6 F.3d at 156 ("If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case . . . and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed."). Only if the Court determines that the Complaint has merit, may it then go on to weigh specific factors to determine whether the appointment of counsel would be appropriate. *See id.*

II. **Discussion**

In this case, the Court finds that Ms. Speller's claims do not have merit

2

and therefore the appointment of pro bono counsel would be inappropriate.

Ms. Speller's Complaint (ECF No. 1), her application for pro bono counsel (ECF No. 2) and her letter to the Court filed on March 8, 2013 (ECF No. 4), consist of barely intelligible statements. The Court is unable to discern the factual circumstances giving rise to Plaintiff's complaint, the legal foundation for her allegations or the basis for federal jurisdiction. Put simply, the Court has no idea who did what in violation of which of Plaintiff's rights.

Due to the incomprehensible nature of Plaintiff's pleadings, I must find her Complaint without merit. Accordingly, I will deny her application for pro bono counsel and dismiss her Complaint for failure to state a claim.

Plaintiff is granted leave to file an amended complaint. She is reminded that she must state plainly and in brief the grounds upon which she is suing, or risk dismissal of her amended complaint WITH PREJUDICE.

An appropriate order follows.

_____
**Kevin McNulty, U.S.D.J.**

**Dated: March 12, 2013**